IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-70,010-02




EX PARTE JOHNICA LYNN PRYOR, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 4036 IN THE 8th DISTRICT COURT
FROM RAINS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
kidnapping and sentenced to thirty-eight years’ imprisonment. The Twelfth Court of Appeals
affirmed his conviction. Pryor v. State, No. 12-04-00301-CR (Tex. App.–Tyler, delivered July 31,
2006, pet. ref’d). 
            Applicant alleges that the prosecutor in this case knowingly and intentionally failed to
disclose to the defense, and the trial court, that one of the jurors in this case was his sister-in-law.



The Applicant further alleges that he was deprived of a fair trial as a result of this lack of disclosure
and this claim is the result of newly discovered evidence. 
            Applicant has alleged facts that, if true, might entitle to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide
the prosecutor in this case with the opportunity to respond to Applicant’s claims. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            Because this is a subsequent application, the trial court shall make findings of fact as to
whether this claim meets an exception set out in Article 11.07, § 4 of the Code of Criminal
Procedure. If this application meets an exception under the statute, the trial court shall make
findings of fact as to whether the prosecutor knowingly and intentionally failed to disclose that one
of the jurors in this case was his sister-in-law. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 20, 2010
Do not publish